A. Moine, Lennard B. Register, III, U.S. Attorney's Office, Pensacola, FL, for Plaintiff–Appellee.

Richard A. Greenberg, Rumberger Kirk & Caldwell PA, Tallahassee, FL, for Defendant–Appellant.

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Richard A. Greenberg, appointed counsel for Eric Jerome Reese, Jr. in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Reese's convictions and sentences are **AFFIRMED.**

Magnaset Otano **MARTINEZ,**
Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
Respondent.

No. 10–13141
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 2011.

Nicolas A. Olano, Law Office of Nicolas Olano, P.A., Miami, FL, for Petitioner.

Matthew Brian George, David Bernal, Stuart S. Nickum, Anthony Cardozo Payne, Krystal Samuels, U.S. Department of Justice, Office of Immigration Litigation, Eric Holder, Jr., U.S. Attorney General, U.S. Department of Justice, Washington, DC, John Bulger, Michelle Ressler, District Counsel's Office USICE, Miami, FL, for Respondent.

Before BLACK, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Magnaset Otano Martinez, a citizen and native of the Dominican Republic, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's determination that Martinez is removable under § 237(a)(1)(D)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(D)(i). The IJ found that Martinez failed to establish that his marriage was entered into for any reason other than to procure an immigration benefit, namely status as a lawful permanent resident under § 216 of the INA. *See* 8 U.S.C. § 1186a(a). After thorough review, we dismiss Martinez's petition to the extent that it raises claims that he failed to exhaust before the BIA and deny the remaining claims.

## I.

"Where the BIA issues its own opinion, we review only that opinion, except to the extent that it expressly adopts the immigration judge's reasoning." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir.2010) (citing *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir.2006)). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." *Chen*, 463 F.3d at 1230. "We review administrative fact findings, including credibility determinations, under the 'highly deferential' substantial evidence test." *Todorovic*, 621 F.3d at 1323. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1324 (quotation marks omitted). Factual findings "can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir.2005).

## II.

Martinez raises several arguments before this Court that he failed to exhaust before the BIA. Martinez first argues that the initial decision to terminate his conditional residency status was untimely under 8 U.S.C. § 1186a(c)(3)(A) and therefore an improper basis for removal. He next asserts that he was eligible for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B), INA § 216(c)(4), because he entered into his first marriage to a citizen spouse in good faith. Martinez did not raise these claims before the BIA, and we lack jurisdiction over claims that a petitioner failed to exhaust in administrative proceedings. *See Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir.2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." (citing 8 U.S.C. § 1252(d)(1))). We therefore dismiss Martinez's petition to the extent that it relies on these claims.

## III.

Martinez next argues that his notice to appear "was unlawfully issued in violation of [his] procedural due process rights." Martinez has failed to explain how the notice to appear was unlawful and does not cite any authority to bolster his claim. "We routinely decline to address such cursory arguments, and this case presents no exception." *United States v. Belfast*, 611 F.3d 783, 821 (11th Cir.2010); *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir.2006) ("We may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief. Without such argument the issue is deemed waived."). We therefore decline to consider this argument.

## IV.

Martinez asks us to remand because the IJ and BIA failed to render a

reasoned decision that would allow for meaningful appellate review. We lack jurisdiction over Martinez's claim with respect to the IJ's decision because he failed to raise it before the BIA. *See Amaya–Artunduaga*, 463 F.3d at 1250. We conclude that the BIA gave reasoned consideration to Martinez's application and made adequate findings. The BIA acknowledged Martinez's arguments and set forth a thorough analysis explaining why his arguments failed in light of governing immigration law and BIA precedent. We therefore reject Martinez's argument that the BIA failed to render a reasoned decision.

### V.

■ Martinez next argues that the agency should have charged him with marriage fraud, under 8 U.S.C. § 1227(a)(1)(G), INA § 237(a)(1)(G), so that he would have been eligible for a waiver of admissibility under 8 U.S.C. § 1227(a)(1)(H), INA § 237(a)(1)(H). Martinez's argument lacks merit. The INA provides that "[a]n alien placed in proceedings under [the INA removal provisions] may be charged with any applicable ground of inadmissibility under section 1182(a) of this title or any applicable ground of deportability under section 1227(a) of this title." 8 U.S.C. § 1229a(a)(2). The agency clearly had the authority and discretion to charge Martinez under § 1227(a)(1)(D)(i) of the INA instead of § 1227(a)(1)(G) as long as the former was "applicable."

Chapter 8 U.S.C. § 1227(a)(1)(D)(i) provides that "[a]ny alien with permanent resident status on a conditional basis under section 1186a ... who has had such status terminated under such respective section is deportable." Martinez acknowledges that he obtained conditional status as a permanent resident by marrying a citizen.

The agency terminated that status upon finding that Martinez failed to establish that his marriage was entered into for any reason other than to procure an immigration benefit. Thus, the provision under which the agency charged Martinez clearly was applicable. The agency therefore had the authority and discretion to charge Martinez under it.

### VI.

■ Finally, Martinez appears to argue that he was deprived of an opportunity to present evidence to prove the validity of his first marriage. This argument lacks merit. "[P]rocedural due process in the deportation context requires a meaningful and fair hearing with a reasonable opportunity to be heard...." *Anin v. Reno*, 188 F.3d 1273, 1277 (11th Cir.1999). Martinez had a reasonable opportunity to present evidence at his hearing before the IJ, at which Martinez, through counsel, conceded the charge of removal. At that hearing, Martinez did not present any evidence to rebut the allegation that he entered into his first marriage solely to obtain an immigration benefit. The record therefore undercuts Martinez's argument that he had no opportunity to prove the validity of his marriage.

For these reasons, we DENY Martinez's petition and DISMISS the claims that Martinez failed to exhaust in his administrative proceedings.

**DISMISSED, in part, and DENIED, in part.**